IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CLARENDON NATIONAL
INSURANCE COMPANY,

      Plaintiff,

v.                            Civil Action No. 2:04-cv-00908

RICHARD KENNEDY,
CAROL ARMENTROUT, individually,
SAMMY GANDEE, individually and as
landlord and trustee of Carol Armentrout,
THE TOWN OF CLENDENIN, INC., a West
Virginia Municipality and Political
Subdivision, TOWN OF CLENDENIN MUNICIPAL
WATER WORKS, a West Virginia Political
Subdivision,

      Defendants.

## MEMORANDUM OPINION AND ORDER

    Defendant Richard Kennedy ("Kennedy") filed a Motion to Compel (docket #52) seeking answers to certain interrogatories he propounded upon Plaintiff, Clarendon Insurance Company.  Clarendon filed a Memorandum in Opposition to Kennedy's Motion to Compel (docket # 53) and the matter is now ripe for consideration.

    This declaratory judgment action seeks an adjudication of the rights and obligations of the parties under two policies of insurance issued by Clarendon to the Town of Clendenin.  The action was filed in response to Kennedy's lawsuit against defendants Clendenin Municipal Water Works, the Town of Clendenin, Inc., Carol

Armentrout and Sammy Gandee, which alleged that an uncontrolled fire destroyed some of Kennedy's property.  In particular, Kennedy alleged that the Town maintained an inadequate water supply, and that it knew of but failed to remedy this deficiency.  When a fire ignited in a home near Kennedy's property, firefighters were unable to contain the blaze, which spread to and destroyed Kennedy's property.  The Complaint also alleged that the Town failed to protect its citizens from Carol Armentrout's dangerous propensities.

One of the areas in dispute in the declaratory judgment action is the coverage afforded by Clarendon's "Public Officials Liability Policy" for this misfortune.  Kennedy asserts that the policy is illusory (empty), in that its exclusions completely negate any coverage.  In the course of discovery, Kennedy filed the following Interrogatories:

> **INTERROGATORY NO. 1**: Please describe in detail, providing specific relevant examples of all "loss[es], as that term is defined in Clarendon Insurance policy number APR 12-00194-02, for which plaintiff Clarendon **will** pay on behalf of the insured resulting from "public officials wrongful act(s)," as that term is defined in the above cited policy.

> **INTERROGATORY NO. 2**: Please describe in detail, providing specific relevant examples of all damages, claims, costs, and causes of action for which Clarendon Insurance policy number APR 12-00194-02 **will** provide coverage under the Public Officials Liability Coverage.

Clarendon objected to both of these interrogatories, stating

that the requests seek interpretation of an insurance contract,
that the terms of the policy speak for themselves, and that the
interpretation of the policy is a question of law for the Court to
decide pursuant to <u>West Virginia Fire & Cas. Co. v. Stanley</u>, 216
W.Va. 40, 602 S.E.2d 483 (2004).  Clarendon further objected that
to the extent the policy could conceivably cover any number of
losses, the requests are overly broad and irrelevant to the instant
action.

     Kennedy argues that he has a right to discover what coverage,
if any, Clarendon intended to provide in its policy.  He contends
that Rule 26(b)(1) of the Federal Rules of Civil Procedure permits
discovery of **"any matter**, not privileged, that is relevant to the
claim or defense of any party...**For good cause, the court may order
discovery of any matter relevant to the subject matter involved in
the action."**  Fed.R.Civ.Pr. 26(b)(1)(2005)(emphasis added).

     The facts herein are not in dispute; the sole issue is the
extent of coverage provided by Clarendon's insurance contract.  The
West Virginia Supreme Court has repeatedly held that in such cases,
the scope of coverage is a question of law rather than fact.
<u>Tennant v. Smallwood</u>, 211 W.Va. 703, 568 S.E.2d 10, 13 (2002) at
Syllabus Point 1 ("Determination of the proper coverage of an
insurance contract when the facts are not in dispute is a question
of law") and 707, 568 S.E.2d at 14; <u>citing</u> <u>Mitchell v. Federal
Kemper Ins. Co.</u>, 204 W.Va. 543, 544, 514 S.E.2d 393, 394 (1998) and

others; <u>Erie Ins. Property and Cas. Co. v. Stage Show Pizza, JTS, Inc.</u>, 210 W.Va. 63, 67, 553 S.E.2d 257, 261 (2001).  The issue remains a legal question even when the insurance contract is arguably ambiguous: "the interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination." <u>Murray v. State Farm Fire and Cas. Co.</u>, 203 W.Va. 477, 482, 509 S.E.2d 1, 6(1998) quoting <u>Payne v. Weston</u>, 195 W.Va. 502, 506-7, 466 S.E.2d 161, 165-66 (1995).

It is well settled that the court "will apply, and not interpret, the plain and ordinary meaning of an insurance contract in the absence of ambiguity or some other compelling reason." <u>Payne</u>, supra, at 508, 466 S.E.2d at 166.  The <u>Payne</u> court further held:

> Only if the court finds that the contract cannot be given a certain and definite legal meaning, and is therefore ambiguous, can a question of *fact* be submitted to the jury as to the meaning of the contract.  It is only when the document has been found to be ambiguous that the determination of intent through extrinsic evidence becomes a question of fact.

<u>Id.</u>

The case cited by plaintiff makes these same points.  <u>West Virginia Fire and Cas. Co. v. Stanley</u>, 216 W.Va. 40, 602 S.E.2d 483, 489 (2004).

Thus, absent a finding of ambiguity or some other question of interpretation, the intent of the parties is irrelevant.  Whatever

coverage Clarendon may have *intended* to provide by its contract is not relevant to the legal question of what the contract as written does provide.   Rather, both parties will be bound by the language itself, which will be given its plain and ordinary meaning. Accordingly, it is hereby **ORDERED** that Kennedy's Motion to Compel is **DENIED**.   The parties shall each bear their own costs and attorney's fees.

The Clerk is instructed to transmit copies of this written opinion and order to all counsel of record.

**ENTER** this 3rd day of May, 2005.


_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge