IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CLARENDON INSURANCE COMPANY,

        Plaintiff,

v.                                      CIVIL ACTION NO.  2:04-cv-908

RICHARD KENNEDY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Clarendon Insurance Company seeks a declaratory judgment ruling determining the rights and duties of Clarendon in respect to a civil action filed in the Circuit Court of Kanawha County, West Virginia.  Because Clarendon has not properly pleaded diversity jurisdiction, the court **FINDS** that it does not have jurisdiction over this declaratory judgment action and **DISMISSES** this matter.

Federal courts' diversity jurisdiction is established only when there is complete diversity of citizenship.  28 U.S.C. § 1332 (2000).  To have complete diversity, "none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).  For purposes of diversity jurisdiction, a corporation is considered a citizen of any state in which it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1) (2000).

Initially, a court must examine the complaint to determine whether federal jurisdiction exists.  "A complaint must state on its face the grounds for a federal court's jurisdiction . . . ." *Martin Sales & Processing, Inc. v. W. Va. Dep't. of Energy*, 815 F. Supp. 940, 944 (S.D.W. Va. 1993) (citation

omitted). However, bald assertions of diversity jurisdiction do not sufficiently establish federal jurisdiction. "[T]he plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (citing 5 Wright & Miller § 1208 (2d ed. 1990)). In diversity actions involving corporations, the plaintiff must therefore state a corporation's principal place of business and its state of incorporation. If the plaintiff fails to do so, the court must dismiss the action for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As stated by Judge Posner of the Seventh Circuit:

> [W]hen one corporation sues another and the only basis of federal jurisdiction is diversity, the plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation. If the plaintiff fails to allege all these things the complaint should be dismissed.

*Casio, Inc. v. S. M. & R., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985); *see also Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 616 (4th Cir. 2004) ("In a properly pleaded diversity action between corporations the plaintiff will not only allege that there is diversity of citizenship, but will also advert to the factors set out by § 1332(c) that establish corporate citizenship.") (citation omitted).

Clarendon's complaint for declaratory judgment fails to meet the minimum threshold pleading requirements for diversity jurisdiction. In the jurisdiction section of its complaint, Clarendon asserts that jurisdiction exists because "the parties are citizens of diverse jurisdictions . . . ." The only other statement that addresses the diversity of the parties is Clarendon's assertion that it "was and still is, a foreign corporation authorized to do business within the State of West Virginia." Missing from Clarendon's complaint is any averment of Clarendon's principal place of business or its state of incorporation. Consequently, Clarendon has not sufficiently pleaded the

diversity of the parties.[1]

The court recognizes that the dismissal of this action follows extensive briefings by the parties but has no choice but to dismiss this matter for lack of jurisdiction. For the reasons stated herein, the court **FINDS** that Clarendon failed to plead diversity jurisdiction sufficiently and **DISMISSES** this matter without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      November 1, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The court need not look beyond the face of the complaint in this case. However, the court notes that Clarendon also failed to answer questions related to its citizenship on the civil cover sheet filed with the court.